The words in this act are general, and as comprehensive as-they well can be j and extend to the suing creditors in any court, or in any jurisdiction whatever ; and upon this ground it is, that the court of equity, has uniformly discharged defendants who have been confined by process from that court, who had previously taken the benefit of the insolvent debtors’ act in the court of common pleas.
Against this motion it was urged, that the court of common pleas, being a court of supreme jurisdiction,- was not bound by any of the acts of an inferior court of limited jurisdiction ; nor was it bound to notice their proceedings, although the court of equity, being a court of supreme jurisdiction, may pay that respect to the proceedings of a court of supreme law jurisdiction, which was of equal notoriety with itself.
But it was resolved by the judges unanimously, that they were bound to take notice of the proceedings in the inferior courts, where they were regular and agreeable to the rules *105 of law ; for although the court of common pleas possessed a superintending and controlling power over them, when they erred ; yet when they confined themselves within their proper limits and jurisdictions, and acted legally, this court would support their proceedings.
That the insolvent debtors’ act, tv as a remedial law,and should be beneficially and liberally construed for unfortunate men, who acted a fair and honest part; and it operated as a discharge in law, against all a man’s suing creditors ; it was immaterial in what courts the suits were commenced ; the act was as effectual a discharge in one court, as in another. The plaintiff, however, has a right to a distributive shai-e of the insolvent debtor’s effects, by giving in his claim to-the assignees appointed by the city court. Let defendant be discharged.
All the Judges present.
A! B. Upon the authority of this case, great numbers have been discharged by the court of common pleas, who had taken the benefit of the insolvent debtors’ act in the inferior court.